RUSSEL JONES *v.* STATE OF LOUISIANA.

An action by the master to procure the emancipation of his slave, under the Act of the Legislature of 15th of March, 1855, (since repealed,) held to be appealable.

APPEAL from the District Court for the Parish of Claiborne, *Drew,* J.

*Drew & Kilpatrick,* for plaintiff. *J. W. Watkins,* District Attorney, for defendant and appellant.

MERRICK, C. J. This suit was instituted under the Act of 15th March, 1855, relative to slaves and free people of color, in order to procure the emancipation of a slave named *Maria.*

The judgment of the lower court, on the verdict of the jury, being in favor of the emancipation, the State has appealed.

The plaintiff having died since the appeal was taken, his representatives have made themselves parties and answered the appeal. The slave herself has so far intervened in this court as to file a brief by counsel, and a motion to dismiss the appeal, on the ground that the State is without interest, and cannot, therefore, prosecute the appeal any more than a third person.

The suit was between the plaintiff and the State, and the parties have formed the usual issue on the appeal. The negress *Maria* does not appear to have any *legal interest* in the suit. The proceedings instituted by her master appear to have been conducted gratuitously on his part, and they were subject to his control, and he was at liberty to abandon them at any time. So long as the slave had not acquired the condition of *statu-libera,* she had no *legal* right, however much she might otherwise have been interested, in the success of the proceeding of her master, which was intended to operate the donation to her of her freedom. Her motion to dismiss cannot be considered.

It must be observed that the slave in controversy was worth over three hundred dollars. See Const. 123 ; Acts 1856, relative to revenue.

This is a civil case. The State has waived its sovereignty and placed itself as an ordinary suitor. It had a sufficient interest in the matter to induce it to pass a law, authorizing the plaintiff in this class of cases to cite it as an ordinary defendant. The question is the emancipation of a slave, that is the matter in dispute. It is over $300 by presumption of law. It is a civil suit, and Art. 62 of the Constitution says, the appellate jurisdiction of this court shall extend to all cases when the matter in dispute exceeds $300. This is not, therefore, a case for the court, *ex officio,* to decline jurisdiction.

On the assignment of errors, it is sufficient to observe that the statute under consideration was decided by this court in the case of the slave *Harrison* to be unconstitutional, and that the Legislature has not only acquiesced in that decision but also declared that slaves shall no longer be emancipated in Louisiana. Acts 1857, pp. 55, 229.

The judgment of the lower court must be reversed, and a judgment rendered in favor of the defendant.

It is ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment against the demand of the plaintiff, as in case of nonsuit, and that the plaintiff pay the costs of both courts.

SPOFFORD, J., dissenting. This is a suit by the master for the privilege of emancipating his slave, with leave to remain in the State.

The action is neither petitory nor possessory; no question of title or of money is involved.

*There is no amount whatever in dispute.* Even the value of the slave is not shown. And there is no question about the bond given by plaintiff.

The whole proceeding was instituted under an anomolous provision, forming part of a statute which has become doubly inoperative, first having been declared void by a majority of this court, and afterwards expressly repealed. See *State* v. *Harrison*, 11 An. Acts 1857, p. 229.

The law, if ever in force, only conferred a jurisdiction upon the District Courts. No appeal to this court was authorized by it. And the proceeding fell only within the *jurisdiction gracieuse* of even the District Court, like the emancipation of minors, the authorization of married women to alienate or encumber their property, &c.

The "matter in dispute" being only the privilege of the master to free his slave, and that privilege not appearing in any way to exceed three hundred dollars in value, I think the motion to dismiss the appeal should prevail.

BUCHANAN, J. It appears that there is an amount exceeding $300 involved in this cause. Plaintiff has given bond in the sum of $1000, as required by the Act of 1855, "relative to slaves and free colored persons," section 72, that the slave *Maria* shall not become chargeable to the State.